

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

Pfiscal♦Anismann
Attorneatatatatata

Affirmed by ___V-704___

Su 356 SW 2d 918

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-5557
Re: Imposition of inheritance
tax upon a remainder in-
terest which succeeded an
estate measured by the life
of the donor, in which life
estate the donor did not re-
tain an entire interest.

We summarize below the facts contained in your
opinion request of August 23, 1943, and its accompanying
documents.

The will of Albert Handly created a testamentary
trust, the provisions of which are hereinafter stated. In
speaking of the property covered by the trust, the testator
repeatedly employed the words "my" and "mine", but in a pre-
liminary paragraph of the will he stated:

"All property real and personal owned by
me and my wife or either of us regardless of or
in whose name it is now vested, it community prop-
erty of myself and my wife. I earnestly hope that
my wife will renounce and relinquish her community
interest in our estate and elect to accept under
the provisions of this will in order that the es-
tate can be more easily and judiciously handled."

Nowhere in the will was there any provision stating that the failure of the wife to relinquish her share of the community would result in a forfeiture of the bequests made to her by such instrument. However, despite this express omission of the usual forfeiture clause, the wife relinquished her share of the community and allowed it to pass according to her husband's will. The wife has now died and, with respect to the imposition of an inheritance tax, we are here considering the effect of her relinquishment.

The dispositive provisions of the testamentary trust created by the will of Albert Handly were as follows:

I. Trust Income:

(a) 3/6 to Mrs. Handly for a period measured by her life.

(b) 1/6 to a son and 2/6 to a daughter for a period likewise measured by the life of Mrs. Handly, provided, however, that:

(1) If either the son or the daughter predeceased Mrs. Handly, the share of such deceased child should go to his or her children, if any, to be used for their support and education.

(2) If in the contingency set forth in (1) above there were no children of the deceased son or daughter, the share of the decedent should remain in the estate.

(c) If Mrs. Handly predeceased the son and daughter, 1/3 of the income was to go to the son and 2/3 to the daughter for a period of ten years after Mrs. Handly's death, provided, however, that:

(1) If either the son or the daughter died during the ten year period, the share of such person should go to his or her children, if any.

(2) If in the contingency set forth in
(1) above the deceased person left no
child or children, such person's share
was to remain in the estate.

II. Trust Corpus:

(a) 2/3 to the daughter and 1/3 to the son
to be paid ten years after Mrs. Handly's
death provided the recipient thereof was
then alive.

(b) If either the son or daughter failed to
live until ten years after Mrs. Handly's
death, the share of such person was to be:

(1) Paid to surviving children, if any,
upon their attaining their majority.

(2) Retained in the estate if there were
no surviving children.

(c) If Mrs. Handly survived both the son and
the daughter and if neither left surviving
children, the corpus was to go to four named
organizations immediately upon Mrs. Handly's
death.

(d) No express provision was made with re-
spect to possible amounts retained in the
estate under the contingency set forth in
II(b) (2) above.

In Texas, as in virtually every other State, an
inheritance tax is imposed upon any inter vivos "deed, grant,
sale or gift made or intended to take effect in possession or
enjoyment after the death of the grantor or donor." Article
7117 V. A. C. S. Unless Mrs. Handly's relinquishment of her
share of the community was such a transfer, the interests re-
ceived as a result of such relinquishment are subject to no
inheritance tax.

We need not here decide whether the will of Albert Handly required Mrs. Handly to make an election, in the technical sense of the term, or whether, in view of the absence of an express forfeiture clause, the language with respect to the relinquishment of her share of the community was merely precatory. Regardless of whether the relinquishment was made because the will actually required an election, whether it was made because Mrs. Handly mistakenly thought that such an election was required, or whether it was made voluntarily in compliance with the testator's expressed desire, certain it is that by such relinquishment Mrs. Handly divested herself of her share in the community and placed such share under the testamentary trust created by her husband's will to be distributed in accordance with the terms thereof. Certain also is the fact that the relinquishment operated to bestow upon the ultimate beneficiaries of the trust one half of whatever they acquire under such trust. Practically and legally the result is the same as if Mrs. Handly had at the time of her relinquishment created a separate and independent trust with her share of the community, employing the same provisions that were contained in the trust established by her husband and designating the same beneficiaries. It remains to be seen whether the creation of such a trust--in the instant situation a creation accomplished by integration with another trust--falls within the definitions heretofore formulated of transfers "made or intended to take effect in possession or enjoyment after the death of the grantor or donor."

The the case of Bethea v. Sheppard, 143 S. W. (2d) 997 (error refused), the Austin Court of Civil Appeals considered the taxability of a strikingly similar trust agreement. In that case the settlors, Mr. and Mrs. Henke had executed a joint trust instrument providing for certain bequests and annuities to become payable at Mr. Henke's death. Upon such event the trustees were to pay Mrs. Henke an annuity of $40,000 per year (with provision for an increase to $50,000 under certain circumstances) for the remainder of her life. Meanwhile, during Mrs. Henke's life an annuity of $25,000 (with a possible increase to $35,000) was to be paid to a daughter of the settlors, Mrs. Bethea. Upon Mrs. Henke's death the annuity to Mrs. Bethea was to be increased to $65,000 (again with a possible increase), such annuity to be paid for eight years. At the expiration of eight years from the

date of Mrs. Henke's death, the corpus was to be distributed
to Mrs. Bethea if she was then living; in the event of Mrs.
Bethea's prior death, there were alternative gifts over to
Mrs. Bethea's children. Mr. Henke died, a tax was paid on
his share of the community and the annuity payments commenced.
Years later Mrs. Henke died and the question before the Court
was whether or not an inheritance tax could be levied on her
half of the community. In upholding the levy of such a tax
the Court, per Justice Blair, said:

"(3,4) The decisions of other states show
that courts have generally held transfers in trust
wherein the grantor or settlor has reserved an in-
come to be taxable under a statute taxing transfers
made or intended to take effect in possession or
enjoyment at or after the death of the grantor or
settlor. 61 C. J. 1663, # 2484(d), and cases there
cited; 121 A. L. R. 365, 366. See also, 49 A.L.R.
874; 67 A. L. R. 1250; 100 A. L. R. 1246; and
Cooper's Estate, 320 Pa. 418, 183 A. 45; In re
Murphy's Estate, 182 Cal. 740, 190 P. 46; In re
Lowengart's Estate, 160 Or. 118, 84 P. 2d. 105.
In the instant case an income or annuity of
$40,000 or an increased income or annuity of
$50,000, payable primarily out of the income or
revenues, but with resort to the principal or
corpus of the trust estate if necessary, was re-
served in grantor until her death, one-half of
such income or annuity to be paid out of her com-
munity half of the trust estate. Several other
annuities were likewise payable one-half out of
each trust estate until the death of those to
whom the same were payable, and one such annuity
payee survived grantor. These provisions and
facts bring the instant case within the rule
stated.

"(5,6) It is also quite generally held
that if the income of the trust property is pay-
able to the beneficiary until the death of the
grantor or settlor, at which time the remainder
or corpus is to pass to the beneficiary, the right
to receive same or the right of succession thereto
is, as to the remainder, taxable as being made or

intended to take effect in possession or enjoyment after the death of the grantor or settlor. State Street Trust Co. v. Stevens, Treasurer & Receiver General, 209 Mass. 373, 95 N. E. 851; In re Patterson's Estate, 146 App. Div. 286, 130 N. Y. S. 970, affirming Sur., 127 N. Y. S. 284; Matter of Cruger, 54 App. Div. 405, 66 N. Y. S. 636, affirmed 166 N. Y. 602, 59 N. E. 1121. In the instant case the trust instrument provided for an annuity of $12,500, payable to appellant, which might be and has been increased to $65,000 during the eight-year period after the death of grantor or settlor, at which time the remainder of the trust estate is to be delivered to appellant. These facts and provisions bring the instant case within the rule stated.

"(7,8) The decisions also hold that if the rights of the beneficiaries are contingent upon their surviving the grantor or settlor of the trust estate, it is the death of the grantor or settlor which fixes the rights to take or succeed to the trust estate, and the passing or transfer is taxable as one made or intended to take effect in possession or enjoyment after the death of grantor or settlor. People v. McCormick, 327 Ill. 547, 158 N. E. 861. The trust instrument here involved provided that if appellant, the beneficiary, did not survive grantor, or for a period of eight years after grantor's death, the trust property should pass to the children of the beneficiary. These provisions make the rights of the beneficiary contingent upon the beneficiary surviving grantor, and bring the instant case within the rule stated.

"And in Re Hollander's Estate, 123 N. J. Eq. 52, 195 A. 805, 808, the court states generally: 'The test of taxability is not the time of the complete divesting of the transferor's interest or ownership; it is the time of the complete succession by the transferee. Where there is a transfer of a specific interest in property and the succession of the transferee does not become, and under the terms of the transfer is not to become, complete

until a time at or after the death of the transferor, that transfer is taxable. "The distinction * * * rests on * * * whether the donee is deprived of an interest of some kind * * * until the donor's death."'"

As in the Bethea case, Mrs. Handly reserved an income from the trust until her death; as in the Bethea case, the rights of the income beneficiaries in the instant trust were limited to the life of the settlor and a stated period thereafter; as in the Bethea case, the rights of the remaindermen were expressly made contingent upon their being alive at a stated period after the death of the settlor. Under the decisions from other states, many of which are cited in the above quotation, the presence of any one of these factors will make for the taxability of a trust; their concurrence in the instant case provides a triple bar to contentions that the trust is tax exempt.

In an able and helpful brief the attorneys for the Handly estate have maintained that if any portion of the trust is taxable, such portion is but one half of Mrs. Handly's share in the community since Mrs. Handly reserved but one half of the income from her share. In the Bethea case (see p. 1001) attorneys for the estate made a like contention, arguing that the tax would attach only to the amount of principal required to furnish Mrs. Henke with her $40,000 annuity. The rejection of this argument in the Bethea case precludes its acceptance in the instant situation.

Consequently, you are respectfully advised that the remainder interests passing under the Handly trust are subject to payment of the inheritance tax and that such tax is to be based upon the full amount of such interests arising from Mrs. Handly's one half interest in the community property which forms the corpus of the trust.

Trusting that the foregoing fully answers your inquiries, we are

APPROVED AUG 31, 1943

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

RDM:fo:erc

Yours very truly

ATTORNEY GENERAL OF TEXAS

/s/ R. Dean Moorhead

By
    R. Dean Moorhead
    Assistant

APPROVED OPINION COMMITTEE BY B.W.B., CHAIRMAN